**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**VANESSA FRICKEY**                                                                    **PLAINTIFF**

**v.**                                                              **No. 3:25-cv-00230-MPM-JMV**

**X CORP., et al,**                                                                 **DEFENDANTS**

**ORDER OF DISMISSAL**

This cause is before the Court *sua sponte* on an Order to Show Cause [9] why Plaintiff Vanessa Frickey's Amended Complaint should not be dismissed for the reasons outlined on the Report and Recommendation ("R&R") [6] of United States Magistrate Judge Jane M. Virden, and on Ms. Frickey's Motion for Preliminary Injunction [3]. The Court has reviewed the record and applicable law and is prepared to rule.

**I.    BACKGROUND**

Ms. Frickey filed a 225-page complaint naming over 30 Defendants, including federal intelligence officials, local law enforcement officers, attorneys, private social media and technology companies, medical professionals, and hospitals. [1]. She sought a preliminary injunction to halt what she describes as a coordinated nationwide multi-year conspiracy involving multiple presidential administrations orchestrating illegal surveillance, censorship, medical records tampering, and a physical retaliation in an attempt against her life through an invisible blast-wave explosion. [1] at 67-68; [8] at 15.

The Magistrate Judge granted *pro se* pauper status and recommended dismissal for futility pursuant to 28 U.S.C. § 1915(e)(2)(B). Ms. Frickey filed a 30-page written objection [7], two "Federal Question" exhibits that challenge the constitutionality of judicial interpretations of 42

U.S.C. § 1985(3) and the alleged surveillance and offensive strike capabilities of Palantir Technologies, Inc. ("Palantir"), including its contracts with the current Administration and the Big Beautiful Bill[1], and a 121-page amended complaint [8]. The amended complaint remains largely narrative and unvarying from the original, alleging an ongoing nationwide conspiracy to violate her constitutional rights as part of political retaliation.

This Court issued a show-cause order [9] because the allegations remained irrational, incredible, and fantastical, and they fail to satisfy the plausibility standard required by Federal Rule of Civil Procedure 8. Ms. Frickey responded [10] by arguing that *Denton v. Hernandez*, 504 U.S. 25 (1992), bars dismissal of her claims based on her factual allegations and that the standard for dismissal, as applied, violates the constitutional rights of *in forma pauperis* (IFP) litigants. She also seeks a declaratory judgment challenging the constitutionality of 42 U.S.C. § 1985(3), which limits conspiracy claims to those involving a recognized protected class rather than an individual. Her submissions provide no factual enhancement that would render the claims plausible. Thus, because the Court concludes that dismissal of this matter remains warranted on account of its frivolous nature, it denies the pending motion for preliminary injunction.

## II. STANDARD OF LAW

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an IFP complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous where

---

[1] The Court declines to further address Ms. Frickey's "Federal Questions." [7] Exs. 1, 2. *See Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 924 (5th Cir. 2023) ("Federal courts do not possess a roving commission to publicly opine on every legal question. Federal Courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities. And federal courts do not issue advisory opinions." (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-24 (2021))).

it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A district court may dismiss an IFP complaint as factually frivolous when its allegations are "clearly baseless," which includes fanciful, fantastic, or delusional assertions. *Denton*, 504 U.S. at 32-33. "Clearly baseless" is a discretionary determination entrusted to the court entertaining the complaint who is in the best position to determine which cases fall into this category. *Id.* "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. The IFP statute grants courts the "unusual power" to pierce the veil of the complaint's factual allegations because IFP litigants "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* at 31-32 (citing *Neitzke*, 490 U.S. at 324).

Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (citation omitted).

Courts have an obligation to liberally construe pro se pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972). However, "[a] district court may *sua sponte* dismiss a complaint under Rule 12(b)(6) 'as long as the procedure employed is fair.'" *Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir. 2012) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Such dismissal is appropriate if the plaintiff has notice of the possibility of a ruling on the merits or if the plaintiff has had the

3

opportunity to allege its 'best case.'" *Broyles v. Texas*, 618 F. Supp. 2d 661, 683 (S.D. Tex. 2009) (citing *Lozano v. Ocwen Fed. Bank*, 489 F.3d 636, 642 (5th Cir. 2007); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

### III.  DISCUSSION

#### A.  Frivolousness

Ms. Frickey's complaint rests on allegations that are fanciful, fantastic, and wholly incredible. According to her operative complaint, National Intelligence and FBI agents, X Corp (formerly known as "Twitter"), Palantir, local law enforcement officers, attorneys, and medical professionals conspired to silence her speech. [8]. This conspiracy allegedly began around 2020 in Louisiana with a plot against her involving Federal, Louisiana state, and local governments, judges and attorneys to label her as an "extremist" or "terrorist" for a brining to light alleged police misconduct involving her child's custody. Ms. Frickey characterized the loss of custody as "trafficking across state lines" orchestrated to silence and censor her political and COVID-related speech on her X accounts. [8] at 12, 40; *see also Frickey v. Nelson*, No. CV 24-2212, 2024 WL 4289568 (E.D. La. Sept. 25, 2024), appeal dismissed, No. 24-30691, 2025 WL 619167 (5th Cir. Feb. 26, 2025).

Ms. Hefner contends that the Magistrate Judge's reference to the Louisiana conspiracy to label her claims as "delusional" is improper. [10] at 3-4. Yet, Ms. Frickey herself, continues in her amended complaint to raise the issues involving the Louisiana actors and events to evolve her conspiracy. Most critically, Ms. Frickey alleges that in March 2023, federal intelligence agents directed Palantir to deploy an invisible explosion in a Tupelo, Mississippi mall parking lot, striking her with "a forceful energy wave that rolled through her body." [8] at 15. She alleges she sustained injuries to her brain, circulatory system, heart and kidneys, but claims that local law enforcement

4

and emergency room physicians and other medical professionals conspired to "cover up the assault" by rerouting her 911 call, falsifying her medical records to show no injuries, and obstructing diagnosis or treatment. *Id.* at 15-17.

These allegations, particularly the claim that federal agents directed a technology company to deploy an invisible energy weapon, rise to the level of the irrational and wholly incredible contemplated in *Denton*, 504 U.S. at 33. Ms. Frickey's assertions are not merely implausible; they are fanciful and fantastic. The alleged conspiracy would require coordination among dozens of disparate actors across multiple states: federal intelligence agencies, state officials, local law enforcement, social media and private technology companies, attorneys, judges, and numerous medical professionals she consulted— all working together to censor, surveil, attack, and cover up an assassination attempt using invisible energy weapons. Her allegations lack any grounding in reality.

Additionally, Ms. Frickey fundamentally misunderstands *Denton*. She argues that the Magistrate Judge's designation of her claims as "delusional" violates Fifth Amendment due process by "resolv[ing] factual disputes at screening" as opposed to assessing the legal theory of the complaint. [10] at 4. To the contrary, *Denton* explicitly authorizes courts to dismiss claims when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." 504 U.S. at 33. Far from prohibiting such dismissals, *Denton* grants courts the power to dismiss a claim as factually frivolous if the facts alleged in the IFP complaint are "clearly baseless," including "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 328). Far from prohibiting dismissal, the IFP statute not only grants judges the authority to reject claims resting on an undisputably meritless theory, but to pierce the veil of the complaint's factual allegations and

5

dismiss clearly baseless claims. *Id.*; *Neitzke*, 490 U.S. at 327-28. The Fifth Circuit has emphasized that courts entertaining IFP complaints hold discretion to classify claims as fantastic or delusional, noting that judges are "all too familiar" with factually frivolous claims. *Id.* (quoting *Neitzke*, 490 U.S. at 327-28).

Ms. Frickey's tenacious adherence to the perceived chain of events and follow up lawsuits represent exactly the types of "frivolous, malicious, [and] repetitive lawsuits" that Congress meant to debar. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 324. Notably, similar allegations were previously dismissed and affirmed as frivolous and without any arguable merit by the Fifth Circuit. *See Frickey*, 2025 WL 619167. The claims alleged in the operative complaint remain merely a reshuffled and hardly concise copy of the original complaint and of the previously adjudicated claims. The operative complaint states that her earlier dismissed conspiracy, arising from her child's custody case, has been ongoing, most notably through social media suppression and the alleged attempt against her life in the mall parking lot. An example of claims that are futile are those describing fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Ms. Frickey has had multiple such opportunities to present her "best case" through her original complaint, objection to the Magistrate Judge's R&R, amended complaint, and response to this Court's order to show cause. *See Lozano*, 489 F.3d at 642.

B.  **Failure to State a Claim and Immunity**

Even if this Court were to accept Ms. Frickey's factual allegations, which it need not under *Denton*, her operative complaint fails for multiple independent reasons. It fails yet again to comply with Federal Rule of Civil Procedure Rule 8(a)(2), requiring that a pleading contain "a short and plain statement," by its largely narrative and conclusory conspiracy allegations. It asserts claims barred by sovereign immunity and qualified immunity, improperly seeks relief against private

6

actors for alleged constitutional violations, and fails to plead the essential elements of a § 1985(3) conspiracy. Her objections and amended filings do not cure these defects and her claims continue to rest on baseless conclusory scenarios.

### IV. CONCLUSION

ACCORDINGLY, the Court concludes that Plaintiff Vanessa Frickey's Amended Complaint [8] is futile pursuant to 28 U.S.C. § 1915(e)(2)(B). Her Motion for Preliminary Injunction [3] is DENIED as moot.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

SO ORDERED this the 11th day of December, 2025.

   /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI