**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**VANESSA FRICKEY**                                                                         **PLAINTIFF**

**v.**                                                                                   **No. 3:25-cv-00230-MPM-JMV**

**X CORP., et al,**                                                                      **DEFENDANTS**

<u>**ORDER**</u>

This matter comes before the Court on Plaintiff Vanessa Frickey's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) [14], seeking to vacate the final judgment entered on December 11, 2025, dismissing Plaintiff's Amended Complaint [8] as futile under 28 U.S.C. § 1915(e)(2)(B). Having reviewed the Motion, the record, and the applicable law, the Court concludes that the motion should be denied.

**I.**     **PROCEDURAL BACKGROUND**

Ms. Frickey filed this action *in forma pauperis* along with a motion for preliminary injunction alleging a nationwide multi-year conspiracy and seeking to stop the alleged conspiracy against her and social media suppression. *See* [1]; *see also* [3]. The Magistrate Judge recommended dismissal of her original complaint as frivolous and futile pursuant to 28 U.S.C. § 1915(e)(2)(B). [6]. Ms. Frickey objected and at the same time filed an Amended Complaint asserting claims under 42 U.S.C. § 1985(3). [7], [8].

The Amended Complaint remained substantively similar to the original pleading. The Court therefore issued an Order to Show Cause directing Ms. Frickey to explain why dismissal was not warranted. [9]. Ms. Frickey responded. [10]. The Court reviewed her objections, the Amended Complaint, and the record and ultimately dismissed the action was frivolous and futile. [12]. The Court also denied the motion for preliminary injunction and entered judgment on

December 11, 2025. *Id.* Ms. Frickey now moves under Rule 59(e), asserting that the Court (1) failed to conduct a *de novo* review of her objections, (2) mischaracterized her allegations, and (3) committed clear legal error in dismissing her claims. *See* [14].

## II. DISCUSSION

Reconsideration of a judgment under Rule 59(e) is "an extraordinary remedy that should be used sparingly." *Edionwe v. Bailey*, 860 F.3d 287, 294-95 (5th Cir. 2017) (quotations and quoted case omitted). A Rule 59(e) motion serves the very narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Id.* at 294. Even so, it is not the proper vehicle to either rehash evidence or legal theories that were previously raised or raise arguments that could have been offered earlier. *Id.*; *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quotations omitted). In addition, the Rule 59(e) standard favors the denial of motions to alter or amend a judgment. *See Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000) (noting it is within the court's discretion to reopen a case under Rule 59(e)).

Ms. Frickey's Motion largely repeats the same factual allegations and legal theories previously presented in her Amended Complaint, objections and response to the show-cause order. Rule 59(e) does not permit a party to reassert arguments that the Court has already considered and rejected. *Edionwe*, at 294-95; *Templet*, at 478-479. Disagreement with the Court's conclusions does not establish manifest error or manifest injustice. *See Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). Here, Ms. Frickey identifies no intervening change in controlling law and presents no newly discovered evidence. Thus, her Motion fails unless it demonstrates clear error of law or fact. The Court concludes that it does not.

2

Specifically, Ms. Frickey argues that the Court failed to conduct a *de novo* review of her objections to the Magistrate Judge's Report and Recommendation ("R&R"). The record reflects otherwise. The Court expressly reviewed her written objections, her Amended Complaint, and her response to the Order to Show Cause before entering judgment. The Court did not adopt the R&R mechanically or without independent consideration. Rather, the Court evaluated the operative pleading and the applicable law, including the requirements for claims under 42 U.S.C. 1985(3), Federal Rule of Civil Procedure 8(a)(2), and the standards for plausibility under Federal Rule of Civil Procedure 12(b)(6), and concluded that dismissal remained warranted under § 1915(e)(2)(B). *See* [12]. Her assertion that the Court did not perform a *de novo* review is unsupported by the record and does not establish error.

To the extent that Ms. Frickey challenges aspects of the R&R directed at her original complaint, that argument has no effect on this Court's dismissal of her Amended Complaint. The Amended Complaint, filed simultaneously with the objections, became the operative pleading. *See New Orleans Ass'n of Cemetery Tour Guides & Co. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam))). The Court dismissed this action based on its review of the Amended Complaint and Ms. Frickey's subsequent filings, including her two "federal questions". *See* [7] Ex. 1, Ex. 2. Any alleged deficiencies in the analysis of the original complaint would not affect the validity of the judgment entered on the operative pleading.

Ms. Frickey further contends that the Court mischaracterized her allegations and improperly deem them frivolous. This Court disagrees. The dismissal order applied the standards

3

set forth in 28 U.S.C. § 1915(e)(2)(B), *Neitzke v. Williams*, 490 U.S. 319 (1989), and *Denton v. Hernandez*, 504 U.S. 25 (1992). The Court concluded that the allegations, taken as pleaded, were factually frivolous and failed to state a plausible claim for relief. *See* [12]. The Court also explained independent legal deficiencies in the asserted § 1985(3) conspiracy claim and other theories advanced. *Id.* Ms. Frickey's Rule 59(e) Motion does not identify any legal principle the Court misapplied. Instead, she reiterates her disagreement with the Court's assessment of plausibility and frivolousness. Rule 59(e) does not provide a vehicle for revisiting those determinations. *See Edionwe*, at 294-95; *Templet*, at 478-479.

Moreover, the record reflects that Ms. Frickey had multiple opportunities to present her "best case," including her original complaint, objections to the R&R, Amended Complaint, and response to the show-cause order. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a district court does not err in dismissing a pro se complaint with prejudice if the court determines the plaintiff has alleged his best case). Here, the Court considered each of these filings before entering judgment. Reassertion of the same allegations does not warrant reopening the case. *See Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986).

### III. CONCLUSION

Ms. Frickey has not demonstrated a manifest error of law or fact, presented newly discovered evidence, or identified any other basis for relief under Rule 59(e). Her Motion largely reargues matters already decided. ACCORDINGLY, Plaintiff Vanessa Frickey's Motion to Alter or Amend Judgment [14] is hereby DENIED.

SO ORDERED, this is the 26th day of February, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI